UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY VITI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- vs -<br><br>METROPOLITAN OPERA ASSOCIATION, INC.,<br><br>Defendant. | Civil Action No: 23-cv-5343<br><br>NOTICE OF REMOVAL |

**PLEASE TAKE NOTICE**, that Defendant METROPOLITAN OPERA ASSOCIATION, INC. (hereinafter "The Met" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. In support of this removal, Defendant states, upon information and belief, as follows:

## FACTUAL BACKGROUND & ALLEGATIONS

1.  On May 21, 2023, ANTHONY VITI, on behalf of himself and all others similarly situated, (hereinafter "Plaintiff") filed a Class Action Complaint in the Supreme Court for the State of New York, County of New York, under Index No. 652457/2023. (See Exhibit A.)

2.  Plaintiff effectuated service of the Class Action Complaint on Defendant on May 24, 2023. (See Exhibit B.) Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.  The Class Action Complaint alleges that personally identifiable information ("PII") collected and maintained by The Met for over 45,000 of its current and former employees and consumers was compromised during an attack by cybercriminals in 2022 ("Cyber Incident").

(*See* Exhibit A at ¶ 2.) Plaintiff alleges that impacted PII included "name, date of birth, financial account information, driver's license number, passport number, Social Security number, and tax identification number." (*Id.*)

4. The Class Action Complaint further alleges that the Cyber Incident occurred because Defendant breached its obligations to Plaintiff and Class members and was otherwise negligent and/or reckless in failing to protect the subject PII. (*Id.* at ¶ 56.) Plaintiff asserts a cause of action based on New York General Business Law Section 349 plus causes of action sounding in negligence and unjust enrichment. (*Id.* at ¶¶ 91-129.)

5. Plaintiff seeks certification of a Class comprised of "[a]ll [45,000+] individuals and entities residing in the United States whose PII was compromised" in the Cyber Incident (with the exception of officers and directors of Defendant and Defendant's subsidiaries). (*See Id.* at ¶¶ 77-80.)

6. Plaintiff seeks recovery, for himself and the respective proposed class, of actual damages, compensatory damages, statutory damages, nominal damages and statutory penalties, equitable and injunctive relief, attorneys' fees and costs, and pre-and post-judgment interest on any amounts awarded. (*See Id.* at pp. 26-27.) More specifically, plaintiff alleges that both he and the proposed class have or will sustain the following harm as a result of the Cyber Incident:

    (a) actual identity theft;

    (b) the loss of the value and opportunity in respect of how PII belonging to the proposed class members is used;

    (c) the compromise, publication, and/or theft of their PII;

    (d) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, and/or unauthorized use of PII belonging to the proposed class members;

    (e) lost opportunity costs associated with the time and efforts expended and the loss of productivity addressing and attempting to mitigate the

> actual and future consequences of the Cyber Incident, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft;
>
> (f) the continued risk to PII belonging to proposed class members; and,
>
> (g) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the compromised PII compromised for the remainder of their lives.

(*See Id.* at ¶ 127.)

7. In addition to seeking damages for out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, the Class Action Complaint asserts that incident monitoring services previously offered by Defendant to individuals impacted by the Cyber Incident were insufficient:

> The Met has offered victims only 12 months of identity monitoring services when the impact of the theft of the PII at-issue typically ripples for many years, if not decades.

(*See Id.* at ¶ 5.)

## **GROUNDS FOR REMOVAL**

8. This case is properly removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends original federal court jurisdiction over class actions where: (1) any member of the proposed plaintiff class is a citizen of a State different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy exceeds $5,000,000, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)6). As set forth below, each of these requirements is met here.

9. The removing defendant has the burden of establishing the requirements of CAFA jurisdiction, although it only needs to provide a "short and plain statement of the grounds for

removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).

### A. Minimal Diversity Exists

10. In accordance with 28 U.S.C. § 1332(d)(2)(A), there is minimal diversity in this action. The Class Action Complaint alleges that Plaintiff Anthony Viti is a resident of Brooklyn, New York. (See Exhibit A at ¶ 9.) Defendant is a not-for-profit corporation with its principal place of business located in New York, New York. (See Exhibit A at ¶ 9.) However, the Forum Defendant Rule is inapplicable in the context of CAFA jurisdiction, which instead requires the existence of minimal diversity. 28 U.S.C.A. § 1332(d)(2).

11. Defendant operates The Metropolitan Opera, a world-renowned opera house which maintains an extensive network of employees, both current and former, and consumers located across the United States and internationally. Among the 45,000 individuals whose PII was implicated in the Cyber Event were individuals maintaining mailing addresses in all 50 U.S. states. The mailing addresses for more than 20,000 of these individuals were in U.S. states other than New York. Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" The Met. *See Id*.

### B. The Proposed Class Consists of More than 100 Members

12. Plaintiffs bring this action on behalf of a putative class of "45,000+ current and former employees and consumers." (See Exhibit A at ¶ 80.) Accordingly, the putative class consists of more than 100 members, satisfying the requirements of CAFA.

### C. The Amount in Controversy Exceeds $5,000,000

13. In the class action removal context, the assessment of whether the amount-in-controversy requirement is satisfied does not center on what damages the plaintiff will ultimately

recover, if any, but on what amount is in controversy between the parties. *See, e.g., Rippee v. Boston Market Copp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

14. Plaintiffs do not allege a specific amount of damages in their Class Action Complaint. When the complaint is silent on the amount of damages, courts in this Circuit use a "preponderance of the evidence" test to evaluate if the amount in controversy requirement is satisfied. *See Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (citing *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)).

15. In evaluating the amount in controversy, courts "look first to the plaintiffs' complaint and then to [the defendant's] petition for removal. *Id.* (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

16. Based on the substance and scope of the claims that are asserted and the remedies requested, by a preponderance of the evidence, the allegations pled in the Class Action Complaint give rise to an amount in controversy in excess of $5,000,000. Plaintiff brings this action on behalf of a putative class of "45,000+ current and former employees and consumers" who are alleged to have had their PII exposed including "name, date of birth, financial account information, driver's license number, passport number, Social Security number, and tax identification number." (*See* Exhibit A at ¶¶ 2, 80.)

17. Plaintiff seeks economic damages relating to and/or reimbursement related to a host of items, as set forth above in Paragraph 6. Among other things, this includes "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft…" (See *Id.* at ¶ 127.) Depending on the subscription level, an annual subscription to the widely

utilized identity theft protection product Norton LifeLock costs between $89.99 and $239.88 for the first year, with renewal at an annual cost of $124.99 to $339.99.[1]

18. According to the Class Action Complaint, "the impact of the theft of the PII at-issue typically ripples for many years, if not decades." (See *Id*. at ¶ 5.) A single year of Norton LifeLock for the proposed class of 45,000 individuals will cost from $4,049,550 to $10,794,600, depending on the subscription level. Multiple years of this identify theft protection product, let alone decades, will cost far in excess of $5,000,000. This calculation does not consider the remainder of plaintiff's damages allegations.

19. Accordingly, without conceding that either Plaintiff or any member of the proposed class is entitled to any damage award, or that class certification is proper or warranted, and relying on the Plaintiff's allegations without admission, Defendant states that the matter in controversy exceeds the sum or value of $5,000,000, if a class were to be certified, for those amounts sought in the Complaint.

## COMPLIANCE WITH REMOVAL STATUTES

20. This Notice of Removal is properly filed in the United States District Court for the Southern District of New York because the Supreme Court of the State of New York, County of New York, is located within the Southern District of New York. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

---

[1] https://lifelock.norton.com/products

22. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

23. Pursuant to 28 U.S.C. § 1446(a), annexed hereto are copies of all process documents, pleadings and orders served upon Defendant with respect to this action.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of New York.

## **CONCLUSION**

For the foregoing reasons, Defendant METROPOLITAN OPERA ASSOCIATION, INC. respectfully requests that this Court exercise jurisdiction over this action and enter Orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Supreme Court of the State of New York, County of New York. Defendant further requests all such other and further relief as this Court deems just and proper.

Dated: June 23, 2023

    Respectfully submitted,

    **MULLEN COUGHLIN LLC**

    By: /s/ Daniel M. Braude
        Daniel M. Braude
    *Attorneys for Defendant*
    METROPOLITAN OPERA ASSOCIATION, INC.
    411 Theodore Fremd Avenue
    Suite 206 South
    Rye, New York 10580
    Tel: (267) 930-1316
    dbraude@mullen.law

TO: **ISRAEL DAVID LLC**
*Attorneys for Plaintiff*
17 State Street, Suite 4010
New York, NY 10004
Tel: 212-739-0622
Fax: 212-739-0628
*madeline.sheffield@davidllc.com*
*israel.david@davidllc.com*
*blake.yagman@davidllc.com*